UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-627-KKC

EMC/HAMILTON MUTUAL
INSURANCE COMPANY, PETITIONER

v. **ORDER**

MICHELLE LOWE,
Administratrix of the Estate of Brandy Lowe, RESPONDENT

\* \* \* \* \* \*

**I. Procedural History**

On March 8, 2002, Michelle Lowe ("Lowe") filed suit in the Wayne Country Circuit Court against her automobile insurance carrier, EMC/Hamilton Insurance Company ("HMIC"). Lowe sought underinsured motorist benefits from HMIC arising from an automobile accident that resulted in the death of her daughter, Brandy Michelle Lowe. In the state court action, HMIC has asserted a variety of defenses, but primarily claims that it is not obligated to pay uninsured motorist benefits to Lowe because the insurance policy that she kept had expired at the time of the accident. In that action, the parties have engaged in discovery and motions for summary judgment were denied on March 15, 2004. The matter is currently set for trial in Wayne County Circuit Court.

On December 16, 2004, HMIC filed a petition for a Declaratory Judgment in this Court. (Rec. No. 1). In this petition, HMIC asked this Court to interpret K.R.S. 304.20-040 and declare that it is not obliged to pay underinsured motorist benefits to Michelle Lowe. Lowe filed a motion to dismiss the action, claiming that the *Rooker-Feldman* and *Younger* abstention doctrines required this Court to abstain from considering this declaratory action. (Rec. No. 5). This Court determined that the defendant had not put forth sufficient arguments to hold that the abstention doctrines required dismissal of the case. However, because jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is discretionary rather than mandatory, the Court

requested further briefing on whether it should exercise this jurisdiction in light of Sixth Circuit authority, including *Bituminous Casualty Corporation v. J & L Lumber Company, Inc.*, 373 F.3d 807 (6th Cir. 2004) and *Omaha Property and Casualty Insurance Company v. Johnson*, 923 F.2d 446 (6th Cir. 1991). Both parties briefed the issue and it is this renewed motion to dismiss by Lowe, (Rec. No. 10), that the court now reviews.

## II. Analysis

In its petition for a declaratory judgment, HMIC asks this court to find that KRS 304.20-040, the provision of the Kentucky Code that deals with the procedures that must be followed in order for insurance companies to cancel coverage, provides the exclusive remedy for a violation of its provisions. More specifically, HMIC wants this court to take jurisdiction under the Declaratory Judgment Act and interpret the law as providing the sole remedy for the illegal cancellation of a policy in an administrative action with the state insurance commissioner, thus precluding Lowe's state private cause of action.

The Declaratory Judgment Act permits federal courts to hear disputes between parties about a specific issue of law, even if the underlying action between the two parties does not reside in federal court. 28 U.S.C. § 2201. Jurisdiction under the Act is discretionary and thus a federal court must weigh a number of factors before deciding whether to hear the dispute. The Sixth Circuit has developed a five-factor test to be used by district courts in determining whether it is appropriate to exercise its jurisdiction: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of declaratory action would increase the friction between state and federal courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Bituminous Casualty Corporation v. J & L Lumber Company*, 373 F.3d 807, 813 (6th Cir. 2004). All of these factors point to this court denying jurisdiction.

*(1) Whether the judgment will settle the controversy*

If this court were to decide to interpret KRS 304.20-040, a variety of different outcomes could occur. First, we could determine, as HMIC suggests, that the statute provides the sole method for resolution of underinsured claims such as Lowe's thus precluding civil actions like the one currently pending in Wayne County Circuit Court. This court could also find that the statute provides one method of relief for individuals like Lowe, but it does not preclude other private causes of action. Finally, the court could find that the statute is completely inapplicable to this case in any form. The first determination would likely settle the dispute (although not without overriding a state court decision), but the latter two determinations would do nothing to settle the controversy, making this action simply a collateral attack on a secondary issue that would have no effect but increasing the costs of this litigation. Thus unlike other cases where a declaratory judgment would end the case no matter what the determination, here it would only lead to finality if this court ruled in favor of HMIC. Because the ability of the judgment to end the litigation is dependent on its conclusion, this factor weighs against granting jurisdiction.

*(2) Whether the judgment would serve a useful purpose in clarifying the issues*

HMIC argues that the state court has yet to address the interpretation of KRS 304.20-040 and that a federal court decision interpreting the statute would "clarify" the issue going forward. Implicit in this argument is the assumption that federal courts are better than state courts in "clarifying" issues of state law. The Kentucky state court is capable of deciding the best interpretation of Kentucky state law.

*(3) Whether the declaratory remedy is being used for procedural fencing or a race for res judicata*

This factor is always a difficult determination for a court as it seeks to determine the motives of the particular litigants. In this case, Lowe filed her original action over three years ago, however the issue of the interpretation of KRS 304.20-040 did not arise during the initial stages of the litigation. Only during the summary judgment proceedings was the issue raised, and even then not by HMIC. This court is not prepared to determine that the sole reason for the filing of this action is an attempt at procedural fencing or forum

shopping. However the effect of a judgment by this court would be to disrupt the lower court decision, either by overruling the decision of the state court on summary judgment or ruling on an issue not yet decided by that court. For this reason, the effect of our judgment would be to limit the options of the state court, thus justifying our dismissal.

*(4) Whether the declaratory judgment would increase the friction between federal and state courts.*

If a federal district court were to grant a declaratory judgment that had the effect of superceding a state court action, friction between the two systems would likely increase. Thus the Sixth Circuit has determined that this factor may be the most important, creating three sub-factors to be used in making determinations under it. Before granting a declaratory judgment, a federal district court should determine: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issue than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law or public policy. *Bituminous Casualty Corporation*, 373 F.3d at 814-15. All of these factors point to dismissal of the action. The question here is at its heart, a matter of state law. If decided for HMIC, the decision virtually ends the underlying state action. Since that determination rests on an interpretation of Kentucky state law, the state trial court is in as good or better position to make the necessary determinations and should be given the ability to do so.

*(5) Whether there is an alternative remedy which is better or more effective*

As stated previously, an alternative remedy does exist in this case. The interpretation of KRS 304.30-040 can be made by the state trial court and then adjudicated through the Kentucky court system. Kentucky courts, familiar with Kentucky state law, can determine whether HMIC is correct that the only remedy for Lowe lies with administrative action and then move forward in deciding this novel interpretation of the statute. This dismissal thus in no way prejudices HMIC and instead, provides them with the best forum in state court for resolution of these issues.

Based upon an interpretation of the necessary factors in evaluating whether to grant jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court will DENY the Petition for Declaratory Judgment (Rec. No.1) and GRANT Lowe's Motion to Dismiss (Rec. No. 10).  However the Court declines to impose sanctions and thus will DENY the Motion for Rule 4 Sanctions.

Pending motions in the case are hereby deemed **MOOT**; all pending deadlines are considered **SET ASIDE**; and this action shall be and hereby is dismissed with prejudice and shall be **STRICKEN FROM THE ACTIVE DOCKET.**

This the 8th day of November, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**